## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

December 14, 2020

LETTER TO COUNSEL

      RE:    *Megan H. v. Saul*
             Civil No. DLB-19-1320

Dear Counsel:

      On May 6, 2019, plaintiff petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny her claims for Disability Insurance Benefits and Supplemental Security Income. ECF 1. I have considered the parties' cross-motions for summary judgment. ECF 27 ("Pl.'s Mot."); ECF 28 ("Def.'s Mot."). I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the denial if the SSA employed correct legal standards in making findings supported by substantial evidence. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); 42 U.S.C. §§ 405(g), 1383(c)(3). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

      Plaintiff filed her claims for benefits on May 26, 2016, alleging an onset date of December 1, 2011. Administrative Transcript ("Tr.") 15, 37, 183-89. The SSA denied her claims initially and on reconsideration. Tr. 37, 38, 58, 59. An Administrative Law Judge ("ALJ") held a hearing on May 3, 2018. Tr. 535-76. Following the hearing, the ALJ determined plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 12-30. Because the Appeals Council denied plaintiff's request for review, the ALJ's decision constitutes the final, reviewable decision of the SSA. Tr. 1-3; *see Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); 20 C.F.R. § 422.210(a).

      The ALJ found plaintiff severely impaired by "attention deficit hyperactivity disorder (ADHD) and a learning disorder." Tr. 18. Despite these impairments, the ALJ determined plaintiff retained the residual functional capacity ("RFC") to:

      Perform simple, routine tasks, and…apply commonsense understanding to carry out detailed but uninvolved instructions. She cannot perform production-rate work where each job task must be completed within strict time periods. She is limited to

Megan H. v. Saul
Civil No. DLB-19-1320
December 14, 2020
Page 2

> making simple work-related decisions with only occasional changes in the routine
> work setting.  She can have occasional interaction with the public.  Time off task
> during the workday can be accommodated by normal breaks.

Tr. 20.  After considering the testimony of a vocational expert ("VE"), the ALJ determined plaintiff
did not have any past relevant work but could perform other jobs existing in significant numbers
in the national economy.  Tr. 29-30.  Therefore, the ALJ concluded plaintiff was not disabled.  Tr.
30.

On appeal, plaintiff argues the Commissioner failed to carry his burden at step five to
demonstrate work existing in significant numbers in the national economy within plaintiff's
capabilities and improperly relied on one opinion of a non-examining medical source in denying
her claims.  I agree the ALJ failed to carry his burden at step five by posing a legally insufficient
hypothetical to the VE.  Accordingly, I remand but express no opinion as to plaintiff's ultimate
entitlement to benefits.

The ALJ carries his burden at step five by "providing evidence that demonstrates that other
work exists in significant numbers in the national economy that [the claimant] can do" given her
RFC.  *Mascio v. Colvin*, 780 F.3d 632, 635 (4th Cir. 2015); 20 C.F.R. §§ 404.1560(c)(2),
416.960(c)(2).  "The Commissioner typically offers this evidence through the testimony of a [VE]
responding to a hypothetical that incorporates the claimant's limitations."  *Rholetter v. Colvin*, 639
F. App'x 935, 937 (4th Cir. 2016) (citing *Mascio*, 780 F.3d at 635).  But "[i]n order for a [VE's]
opinion to be relevant or helpful,…it must be in response to proper hypothetical questions which
fairly set out all of [the] claimant's impairments."  *Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir.
2006) (citing *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989)).  Moreover, though an ALJ
possesses "great latitude in posing hypothetical questions" to the VE, substantial evidence must
support all such questions.  *Koonce v. Apfel*, 166 F.3d 1209, *5 (4th Cir. 1999) (per curiam) (citing
*Martinez v. Heckler*, 807 F.2d 771, 774 (9th Cir. 1986)).

Plaintiff argues the ALJ's hypothetical to the VE suffers from multiple errors.  Pl.'s Mot.
at 4-7.  In relevant part, plaintiff points out that the RFC determination in the decision does not
match the hypothetical to the VE.  The RFC determination in the ALJ's decision indicated plaintiff
could not "perform production-rate work where each job task must be completed within *strict* time
periods."  Tr. 20 (emphasis added).  The hypothetical to the VE indicated plaintiff could not
perform "production rate work, for each job task must be completed within *certain* time periods."
Tr. 570 (emphasis added).  The statement in the hypothetical, plaintiff argues, is "a truism and not
any sort of limitation."  Pl.'s Mot. at 5.  Further, plaintiff argues, "The ALJ cannot propound one
definition of a production rate pace in the hypothetical and another one in the decision."  *Id.* at 6.
The failure to match the hypothetical to the RFC determination in the decision, plaintiff maintains,
renders the hypothetical testimony "unreliable."  *Id.*  The explanation, plaintiff additionally argues,
is necessary in light of the Fourth Circuit's holding in *Thomas v. Berryhill*, 916 F.3d 307, 312 (4th
Cir. 2019), that "production rate pace" defies judicial review as a term with no clear meaning.  *Id.*;
*Thomas*, 916 F.3d at 312.

*Megan H. v. Saul*
Civil No. DLB-19-1320
December 14, 2020
Page 3

The Commissioner misapprehends plaintiff's argument in advancing several related—but distinct—arguments about the ALJ's RFC analysis and determination. Def.'s Mot. at 4-6. Plaintiff does not challenge the ALJ's RFC determination. To the contrary, plaintiff states that "where each job task must be completed within strict time periods…is a much better definition of production rate pace" than the ALJ included in his hypothetical. Pl.'s Mot. at 6. The issue plaintiff raises is not whether either the RFC determination in the decision or hypothetical to the VE withstand *Thomas*'s definitional test but whether the two may be fairly read as communicating the same limitations. *See Thomas*, 319 F.3d at 312. Because I agree with plaintiff that the ALJ's failure to match his RFC determination and hypothetical to the VE renders his step-five conclusion unsupported by substantial evidence, I remand.

Notably, the Commissioner does not address whether the RFC determination in the ALJ's decision matches the hypothetical the ALJ presented to the VE. *See* Def.'s Mot. Rather, the Commissioner cites *Jackie W. v. Commissioner, Social Security Administration*, No. DLB-18-3883, 2019 WL 5960642 (D. Md. Nov. 13, 2019), which is not on point. In *Jackie W.*, the ALJ posed a hypothetical to the VE containing the qualification of "fast-productivity goals" with "like assembly-line work." *Id.* at *4. The ALJ subsequently omitted the qualification from his RFC determination in the decision. *Id.* This Court nonetheless affirmed the Commissioner's decision because, in relevant part, "[the ALJ's] inclusion of the term in the hypothetical provide[d] enough clarity for this Court's review." *Id.* Thus, in *Jackie W.*, this Court was concerned with whether the ALJ's failure to qualify "fast-productivity goals" in the RFC determination precluded review, citing to the Fourth Circuit's holding in *Thomas*. *See Thomas*, 916 F.3d at 312. The error in this case, however, took place in the reverse. The arguably sufficient qualification appeared in the ALJ's written decision, not his hypothetical to the VE. The difference, however subtle, bears legal consequences.

The Commissioner typically uses VE testimony to meet his step-five burden of establishing work existing in significant numbers within a claimant's capabilities. *Rholetter*, 639 F. App'x at 937 (citing *Mascio*, 780 F.3d at 635). Thus, the accuracy and legibility of the hypothetical to the VE play an important role in the disability determination process, particularly where, as here, the ALJ relies on the VE's testimony as substantial evidence for his step-five conclusion that a claimant is not disabled:

> The undersigned has also relied upon the vocational expert's education and expertise. The undersigned therefore accepts and chooses to adopt the vocational expert's testimony on this point. Based on the testimony of the vocational expert, the undersigned concludes that, considering claimant's age, education, work experience, and residual functional capacity, the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of section 204.00 in the Medical-Vocational Guidelines.

Tr. 30 (internal citations omitted). The VE in this case, however, responded to a question about a hypothetical claimant differing from plaintiff in pace capabilities. Thus, because the ALJ relied

*Megan H. v. Saul*
Civil No. DLB-19-1320
December 14, 2020
Page 4

on "irrelevant and unhelpful" testimony in establishing work existing within the national economy within plaintiff's capabilities, remand is warranted. *See Hines*, 453 F.3d at 566.

Separately, both parties reference *Thomas*, albeit for different reasons. *See* Def.'s Mot. at 5; Pl's Mot. at 5-6. In *Thomas*, the Fourth Circuit held an ALJ's RFC assessment limiting the plaintiff to work "requiring a production rate or demand pace" frustrated review because the Court lacked "enough information to understand what those terms mean[t]." 916 F.3d at 312. Expressing no opinion as to whether the RFC findings were correct, the Court remanded for "a clearer window into" the ALJ's reasoning. *Id.* at n.5 ("Without further explanation, we simply cannot tell whether the RFC finding…properly accounts for [the plaintiff's] moderate limitations in concentration, persistence, or pace. On remand, the ALJ will need to establish for how long, and under what conditions, [the plaintiff] is able to focus…and stay on task at a sustained rate.").

In this case, however, whether "production-rate work where each job task must be completed within strict time periods" survives the scrutiny mandated by *Thomas*, as the Commissioner argues, is not the issue. *See Thomas*, 916 F.3d at 312. The VE in this case was not asked about the modifier "within strict time periods." Tr. 570. Any explanatory benefit "strict time periods" provides thus failed to flow to the VE and consequently does not inform her testimony. And, whatever explanation the term "strict time periods" adds to "production-rate work," "certain time periods" adds less. As plaintiff argues, virtually all jobs require work to be completed within some certain time period. *See* Pl.'s Mot. at 6. "Certain" provides no real context as to plaintiff's limitations. *Thomas* is therefore relevant to the issue presented here only to the extent it confirms the mismatched qualification of "production rate" materially impacts the case. The Court could not, for example, simply strike the mismatched qualification and affirm the decision as otherwise sound. *Thomas* instructs that "production rate pace" requires some explanation. 319 F.3d at 312. More importantly, however, in attempting to prevent a potential *Thomas* error in this case, the ALJ rendered the VE's testimony obsolete by failing to pose a meaningful question to her. If nothing else, "certain" means something different than "strict," especially with respect to the term's definition of a pace limitation.

The Commissioner argues any error in the ALJ's hypothetical resulting from his qualification of "no production rate work" as jobs in which "each job task must be completed within certain time periods" is harmless. Tr. 570; Def.'s Mot. at 4-5. I disagree that an ALJ's inaccurate hypothetical and consequent failure to support his step-five determination with substantial evidence is harmless. The ALJ carries the burden at step five of proving work within plaintiff's capabilities existing in significant numbers. 20 C.F.R. §§ 404.1512(b)(3), 416.912(b)(3). If an ALJ cannot prove the existence of such work, a finding of disability is appropriate. The ALJ's ability to establish the existence of such work is therefore of great significance to the disposition of plaintiff's claim, particularly because plaintiff is severely impaired by ADHD and moderately limited in concentration, persistence, or pace. Tr. 18-19. Without evidence in the record establishing plaintiff could engage in such work, remand is necessary. *See Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's

*Megan H. v. Saul*
Civil No. DLB-19-1320
December 14, 2020
Page 5

denial of benefits, this court may not affirm for harmless error.") (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011)).

Finally, because I remand on other grounds, I decline to reach plaintiff's argument that the ALJ erred in relying on certain medical opinion evidence. The ALJ may consider this argument on remand.

For the reasons set forth herein, plaintiff's motion for summary judgment, ECF 27, is denied, and the Commissioner's motion for summary judgment, ECF 28, is denied. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is reversed in part due to inadequate analysis. The case is remanded for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge